## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. _____** |
| **AMAZON.COM, INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against Defendant Amazon.com, Inc.:

## THE PARTIES AND PATENTS-IN-SUIT

1.      Plaintiff Walker Digital, LLC is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, Connecticut 06905.  Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse, Inc.

2.      On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business located in Seattle, Washington.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Amazon is subject to this Court's jurisdiction because Amazon has, upon information and belief, transacted business in this district including, more specifically, directly and/or through intermediaries, shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) its products and services in the State of Delaware. Amazon is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Amazon does substantial business in this District, and has committed acts of patent infringement in this District.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENT

6.      On February 7, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,112,359 ("the '359 patent"), entitled "Pre-Sale Data Broadcast System and Method" to Jay S. Walker, Daniel E. Tedesco and Magdalena Mik Fincham, who assigned their rights and interests in the '359 patent to Walker Digital. A true and correct copy of the '359 patent is attached as Exhibit A.

7.      Walker Digital is thus the owner of the '359 patent.

## FACTUAL BACKGROUND

8.      Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property. Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies. Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing,

and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry.  The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital.  As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

9.     Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and the team of innovators.  This investment was used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions.  Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the pre-sale data broadcast system and method described and claimed in the '359 patent, were a direct result of that investment.

10.    The '359 patent represents breakthrough technology in the field of electronic computer- and internet-based commerce and marketing ("e-commerce").  Through the inventions of the '359 patent, when consumers present products for purchase at the point-of-sale, e-commerce retailers and merchants offer substitute products to the consumer, thereby increasing their overall sales.  By way of example and not limitation, the e-commerce retailers and merchants register manufacturers in a manufacturer database, receive transaction data from consumers regarding an original product, through their websites, use information about the manufacturers to determine possible substitute product offers, and present those offers to the consumers through their websites.

## COUNT I
## (Infringement of the '359 Patent)

11.     Walker Digital incorporates and realleges the allegations of paragraphs 1-10.

12.     Upon information and belief, Defendant Amazon is infringing (literally and/or under the doctrine of equivalents) the '359 patent in this District and throughout the United States by, among other things, using methods for promoting a sale of a substitute product in connection with its e-commerce websites, including http://www.amazon.com, covered by, without limitation, claims 1, 4, 6, 7, 8, 10, and 14 of the '359 patent.

13.     By way of example and without limitation, Defendant registers manufacturers in a manufacturer database.  Defendant receives transaction data from a consumer regarding an original product, for example a cordless drill set, through its website.  Defendant determines a possible substitute product, for example a cordless drill set from a different seller, using information about the manufacturers within the manufacturer database, and presents the substitute product offer to the consumer through its website.

14.     Defendant committed these acts of infringement without license or authorization.

15.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '359 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Amazon:

(a)     A judgment in favor of Walker Digital that Amazon has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '359 patent;

(b)     A permanent injunction enjoining Amazon and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing the '359 patent;

(c)     A judgment and order requiring Amazon to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Amazon's infringement of the '359 patent;

(d)     Any and all such other relief as the Court deems just and proper.

February 7, 2012

OF COUNSEL:

James C. Otteson
David A. Caine
Philip W. Marsh
Michael D.K. Nguyen
Agility IP Law, LLP
149 Commonwealth Drive
Menlo Park, CA  94025
jim@agilityiplaw.com
dacaine@agilityiplaw.com
philip@agilityiplaw.com
mnguyen@agilityiplaw.com
(650) 227-4800

BAYARD, P.A.

 /s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

Attorneys for Plaintiff Walker Digital, LLC