## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-313-SLR |
| ) | |
| v. ) | **PUBLIC VERSION** |
| ) | **July 25, 2013** |
| FANDANGO, INC., et al., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| WALKER DIGITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12-140-SLR |
| ) | |
| v. ) | |
| ) | |
| AMAZON.COM, INC., ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| WALKER DIGITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12-141-SLR |
| ) | |
| v. ) | |
| ) | |
| BARNES & NOBLE, INC., ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| WALKER DIGITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12-142-SLR |
| ) | |
| v. ) | |
| ) | |
| EXPEDIA, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND DISMISSAL WITH PREJUDICE**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Of Counsel*:

Eliza V. Bechtold
Klaus H. Hamm
Salumeh R. Loesch
Jeffrey S. Love
Kristen L. Reichanbach
Todd M. Siegel
Carla Todenhagen
Garth A. Winn
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204

*Attorneys for Defendants*
*Amazon.com, Inc. and Zappos.com, Inc.*

Philip A. Rovner (# 3215)
Jonathan A. Choa (# 5319)
Alan R. Silverstein (# 5066)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
pronver@potteranderson.com
jchoa@potteranderson.com
asilverstein@potteranderson.com

*Attorneys for Defendant Barnes & Noble, Inc.*

William J. Marsden, Jr. (#2247)
Gregory Booker (#4784)
Warren K. Mabey, Jr. (#5775)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
(302) 652-5070
marsden@fr.com
booker@fr.com
mabey@fr.com

Ahmed J. Davis (admitted *pro hac vice*)
Linhong Zhang (#5083)
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
(202) 783-5070

*Attorneys for Defendant Expedia, Inc.*

Public Version:  July 25, 2013

# TABLE OF CONTENTS

*Page(s)*

I.      NATURE AND STAGE OF PROCEEDINGS ................................................... 1

II.     SUMMARY OF ARGUMENT ........................................................................ 3

III.    STATEMENT OF FACTS .............................................................................. 4

IV.     ARGUMENT .................................................................................................. 8

        A.      The Court Has Inherent Authority to Award Fees. ................................ 8

        B.      This Court Should Award Attorneys' Fees and Costs Using Its
                Inherent Power Because Walker Digital Litigated the 313 and
                140-142 Cases in Bad Faith ........................................................... 9

        C.      This Court Should Award Attorneys' Fees and Costs Under 35
                U.S.C. § 285. ............................................................................... 13

        D.      Accounting of Fees and Costs. ........................................................ 18

        E.      Dismiss Plaintiff's Claims with Prejudice Because It Had Its
                Chance To Show Standing and Failed ............................................. 18

V.      CONCLUSION .............................................................................................. 20

## TABLE OF AUTHORITIES

*Page(s)*

### Cases

*Arizonans for Official English v. Arizona,*
  520 U.S. 43 (1997) ...................................................................................................15

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources,*
  532 U.S. 598 (2001) .................................................................................................14

*Cent. Soya Co. v. Geo. A. Hormel & Co.,*
  723 F.2d 1573 (Fed. Cir. 1983) ...............................................................................14

*Chambers v. NASCO, Inc.,*
  501 U.S. 32 (1991) .....................................................................................................9

*Digeo, Inc. v. Audible, Inc.,*
  505 F.3d 1362 (Fed. Cir. 2007) ...............................................................................15

*Eon-Net LP v. Flagstar Bancorp,*
  653 F.3d 1314 (Fed. Cir. 2011) ...............................................................................14

*Grynberg v. Total Compagnie Francaise Des Petroles,*
  891 F. Supp. 2d 663 (D. Del. 2012) ...............................................................8, 13, 17

*Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.,*
  687 F.3d 1300 (Fed. Cir. 2012) ...............................................................................15

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.,*
  C. A. No. 09–MD–2118–SLR, 2012 WL 95592 (D. Del. Jan. 12, 2012) ..................15, 18

*In re Digital Music Antitrust Litig.,*
  812 F. Supp. 2d 390 (S.D.N.Y. 2011) ......................................................................19

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,*
  628 F.3d 157 (5th Cir. 2010) ...................................................................................19

*In re Seagate Tech., LLC,*
  497 F.3d 1360 (Fed. Cir. 2007) ...............................................................................15

*Joint Mktg. Int'l, Inc. v. L&N Sales and Mktg., Inc.,*
  No. 05-CV-4818 (DLI)(VVP), 2006 WL 1995130 (E.D.N.Y. July 14, 2006) ................19

*Manildra Milling Corp. v. Ogilvie Mills, Inc.,*
  76 F.3d 1178 (Fed. Cir. 1996) .................................................................................14

*MarcTec, LLC v. Johnson & Johnson,*
    664 F.3d 907 (Fed. Cir. 2012) ...................................................................15

*Martel v. Maxxam Inc.,*
    No. 99-20476, 2000 WL 329354 (5th Cir. Mar. 23, 2000) ...........................13, 18

*Mathis v. Spears,*
    857 F.2d 749 (Fed. Cir. 1988) ..............................................................14, 15

*Medtronic Sofamor Danek USA, Inc. v. Globus Med., Inc.,*
    637 F. Supp. 2d 290 (E.D. Pa. 2009).........................................................19

*Metz v. Unizan Bank,*
    655 F.3d 485 (6th Cir. 2011) .....................................................................9

*Sicom Sys., Ltd. v. Agilent Techs., Inc.,*
    427 F.3d 971 (Fed. Cir. 2005) ................................................................18

*Smith v. Sabol,*
    2013 WL 2371193 (M.D. Pa. 2013)..........................................................19

*Telepresence Techs., LLC v. Upper Deck Co.,*
    No. SA CV 00-183 AHS, 2001 WL 36239744 (C.D. Cal. Mar. 29, 2001)......................18

*Textile Prods., Inc. v. Mead Corp.,*
    134 F.3d 1481 (Fed. Cir. 1998) ................................................................18

*Walker Digital, LLC v. Expedia, Inc.,*
    C.A. No. 11-313-SLR, 2013 WL 3070615 (D. Del. June 19, 2013).........................passim

## Statutes and Rules

35 U.S.C. § 281 ..............................................................................14

35 U.S.C. § 285 ..........................................................................passim

D. Del. LR 54.1(c)..........................................................................14

Defendants respectfully submit this Opening Brief in support of their Motion For Attorneys' Fees and Dismissal with Prejudice.[1]  On June 19, 2013, after Defendants spent substantial time and money in defending themselves, the Court granted their motions to dismiss the above captioned cases based on Walker Digital's lack of standing.  Specifically, the Court held that a patent purchase agreement executed over a year and a half ago, on December 9, 2011, unambiguously transferred the patents-in-suit from Walker Digital to eBay, Inc. ("eBay") (the "eBay Agreement").  *Walker Digital, LLC v. Expedia, Inc.*, C.A. No. 11-313-SLR, 2013 WL 3070615 (D. Del. June 19, 2013).  Walker Digital's continued litigation of the above captioned cases, despite knowing that it did not own the patents-in-suit, warrants an award of Defendants' attorneys' fees and expenses incurred since December 9, 2011 and a dismissal of the above captioned cases with prejudice.

## I.    NATURE AND STAGE OF PROCEEDINGS

Walker Digital is not a novice when it comes to patent litigation.  Since April 2011, it has filed over forty cases in the District of Delaware, alleging that approximately 180 companies infringe multiple patents.  Expedia, Inc. ("Expedia") was named as a defendant in four of those cases—Civil Action Nos. 11-313, 11-315, 12-142, and 11-320.[2]  (The "313 Case," "315 Case," "142 Case," and "320 Case" respectively.)  Amazon.com, Inc. ("Amazon") was named as a defendant in nine of those cases—the 313, 315, and 320 Cases, and Civil Action Nos. 12-140 (a companion of the 142 case); 11-369 (voluntarily dismissed with prejudice on March 14, 2013); 11-317 (voluntarily dismissed without prejudice on June 21, 2011); 11-990; 11-362; and 13-098.  Zappos.com, Inc. ("Zappos") was named as a defendant in the 313 Case.  Barnes & Noble, Inc. ("Barnes and Noble") was named as a defendant in Civil Action No. 12-141 (a companion of the

---

[1] The same Opening Brief is being filed in each of the above captioned cases.
[2] The 320 Case is pending before Judge Sleet.  Discovery has not opened in that case.

140 and 142 Cases, the 12-140, -141, and -142 cases are collectively referred to as the 140-142

Cases) and the 315 Case.  Plaintiff voluntarily dismissed the 315 Case on March 11 and March

13, 2013, after Defendants moved to dismiss based on a lack of standing.  [D.I. 337, 338, 339

and 340 (11-315).]  Even though the same lack of standing existed (and nearly identical motions

to dismiss were filed) in the 313 and the 140-142 Cases, Walker Digital inexplicably did not seek

to dismiss those cases at the same time.

With Walker Digital refusing to face the inevitable, the pending motions to dismiss in the

313 and 140-142 Cases went forward on the merits.  On June 19, 2013—after three hearings

(two in-person, one telephonic), a deposition of eBay in California and further supplemental

briefing—this Court granted the Defendants' motions in the 313 and 140-142 Cases and

dismissed Walker Digital's claims for lack of standing based on the unambiguous transfer of the

patents-in-suit by the eBay Agreement.

This outcome should not have been a surprise to Walker Digital.  In fact, eight months

(and hundreds of attorney-hours) earlier, Expedia's counsel warned Walker Digital about the

effect of the eBay Agreement, and forewarned of the coming fees motion:

> I write to follow up after last week's personal and corporate deposition of Walker
> Digital CEO Jonathan Ellenthal.  Having reviewed the rough copy of the
> deposition transcript and the corresponding documents related to Walker Digital's
> settlement with eBay, *it is quite clear that Walker Digital transferred the
> patents-in-suit to eBay on December 9, 2011, and therefore lost standing as of
> that date*.  As Plaintiff lacks standing, you have no Rule 11 basis to go forward,
> so we expect that this suit will be dismissed forthwith .... [G]iven the posture of
> this case, if you do not withdraw your complaint, defendants will seek leave to
> amend their respective answers and add standing as an affirmative defense—a
> motion the Court is sure to entertain and grant since it must consider standing *sua
> sponte* anyway.
>
> *****
>
> If you do not take appropriate action, we intend to seek leave to amend our
> answer and plead lack of standing as an affirmative defense; to set up a
> teleconference with the Court as soon as possible after the Thanksgiving holiday
> weekend and ask for an expedited briefing schedule on the standing issue; *and to*

*seek attorneys' fees and costs for all such fees and costs incurred at least from this point forward* .... In our view, this is a serious matter that deserves your immediate[] attention.

[Ex. A (11/19/12 Davis Ltr to Kella) at 1, 5-6.][3]  Counsel for Amazon and Zappos sent similar letters in the 313 and 140 Cases. [Ex. B (11/19/12 Love Ltr. to Kella); Ex. C (11/19/12 Love Ltr. to Kirk and Brauerman).]

By the time the Court dismissed the 313 and 140-142 Cases, Defendants collectively incurred millions of dollars in legal fees and expenses since December 9, 2011, including, specifically, expenses in connection with the completion of fact discovery in the 313 and 140-142 Cases and expert discovery in the 313 Case, all after the motion to dismiss for lack of standing had been filed.

## II.    SUMMARY OF ARGUMENT

1.  This is a textbook case in which attorney's fees should be awarded.  In short, after years of expensive litigation in multiple cases, this Court dismissed Walker Digital's claims on the threshold issue of standing, i.e., Walker Digital does not own the patents-in-suit.  For the 313 Case, Walker Digital lost standing on December 9, 2011, the day the eBay Agreement was executed and Walker Digital transferred the asserted patents to eBay.  For the 140-142 Cases, Walker Digital never had standing because the eBay Agreement transferred the patent-in-suit before Walker Digital even filed its complaints.  To make matters worse, Walker Digital knew it transferred the patents-in-suit on December 9, 2011.  Strong circumstantial evidence also suggests that Walker Digital attempted to cover up the transfer so that it could continue to profit from its campaign of patent infringement suits in this District.  Defendants now request that Walker Digital be held accountable for wasting the Court's and Defendants' time and resources.

---

[3]  Unless noted otherwise, cited exhibits are attached to the Declaration of Kristen L. Reichenbach filed herewith in support of this motion.

As a result, Defendants respectfully request that this Court exercise its inherent power, and power under 35 U.S.C. § 285, to award Defendants their attorney's fees and expenses.

2. In addition, Defendants request that the Court enter judgment dismissing the above-captioned cases with prejudice and precluding Walker Digital from suing on these same patents in the future, should it later acquire (or reacquire) them. Dismissal with prejudice is proper here because Walker Digital maintained these claims in bad faith, Defendants will be unfairly prejudiced if Walker Digital is allowed to sue on these patents again, and Walker Digital did not take advantage of the ample opportunities to cure the standing defect that the Court already provided.

## III.   STATEMENT OF FACTS

On April 11, 2011, Walker Digital initiated the 313 Case against numerous defendants including Amazon, Expedia and Zappos, alleging that the defendants infringe U.S. Patent Nos. 7,831,470 ("the '470 Patent") and 7,827,056 ("the '056 Patent"). Also on April 11, 2011, Walker Digital initiated the 315 Case against numerous defendants, including Amazon, Target, Barnes and Noble and Expedia, alleging that the defendants infringe U.S. Patent No. 7,236,942 ("the '942 Patent"). On February 7, 2012, Walker Digital filed the 140-142 Cases against Amazon, Barnes and Noble and Expedia, respectively, alleging that they infringe U.S. Patent No. 8,112,359 ("the '359 Patent") (collectively, "the patents-in-suit"), which is a continuation of the '942 Patent that issued on February 7, 2012. [D.I. 1 (11-315); D.I. 1 (12-140); D.I. 1 (12-141); D.I. 1 (12-142).]

After almost two years of litigation, on March 11, 2013, Walker Digital dismissed the 315 Case with prejudice after briefing and a hearing on Defendants' motion to dismiss for lack of standing. On June 19, 2013, this Court dismissed Walker Digital's claims against Expedia,

Amazon, Zappos and Barnes and Noble in the 313 and 140-142 Cases for lack of standing based on the eBay Agreement executed between Walker Digital and eBay on December 9, 2011. Among other things, the eBay Agreement settled then-pending litigation between Walker Digital and eBay in the 313 and 315 Cases. [eBay Agreement[4] at 1; *see also Walker Digital*, 2013 WL 3070615 at *1.] The eBay Agreement also transferred certain patents along with all related patents including "all counterparts, continuations, continuations-in-part, divisional, reissues, reexaminations, and extensions thereof" from Walker Digital to eBay. [eBay Agreement at 53; *see also Walker Digital*, 2013 WL 3070615 at *6.] Each of the '470, '056, '942, and '359 Patents are related to patents explicitly identified in the eBay Agreement, and thus were transferred pursuant to the agreement. *Walker Digital*, 2013 WL 3070615 at *7.

As part of the patent transfer, the eBay Agreement also required Walker Digital to execute and deliver "one or more duly executed" Short Form Patent Assignments. [eBay Agreement at 53.] The Short Form Patent Assignments were to be executed using a form attached to the eBay Agreement as Schedule B, which included language that was consistent with the transfer language in the Agreement: Schedule B clearly stated the patent assignment would include "all divisionals, continuing, reissue, extension, substitution, and renewal applications." [*Id.* at 57.] Following the eBay Agreement, Walker Digital executed a number of Short Form Patent Assignments on January 3, 2012. [Executed Short Form Patent Assignments.[5]] The executed assignments, however, differed from Schedule B in that the executed version *removed the word "continuing"* from the list of patent rights being transferred. [*Id.* (emphasis added).]

---

[4] The "eBay Agreement" as cited herein refers D.I. 244 at Ex. I (11-313); D.I. 77 at Ex. I (12-140); D.I. 54 at Ex. I (12-141); D.I. 46 at Ex. I (12-142).
[5] The "Executed Short Form Patent Assignments" as cited herein refer to D.I. 244 at Ex. III (11-313), D.I. 77 at Ex. IV (12-140), D.I. 54 at Ex. IV (12-141), D.I. 46 at Ex. IV (12-142).

One month after the Short Form Patent Assignments were executed, on the date that the '359 Patent issued, Walker Digital filed the 140-142 Cases asserting the '359 Patent. The '359 Patent is a grandchild of the '942 Patent, the patent at issue in the 315 Case, and among the patents transferred by the eBay Agreement. *Walker Digital,* 2013 WL 3070615 at *3. On June 8, 2012, Walker Digital stipulated to consolidate the case schedule for the 315 Case with the 140-142 Cases. [D.I. 206 (11-315); D.I. 6 (12-140); D.I. 6 (12-141); D.I. 5 (12-142).] All of these cases, the 313, 315, and 140-142 Cases, progressed through fact discovery, and in the 313 Case, expert discovery.

Following the November 2012 deposition of Walker Digital's CEO, Jonathan Ellenthal, in the 313 Case, Defendants informed Walker Digital that they believed that Walker Digital had transferred away the patents-in-suit in the 313, 315, and 140-142 Cases. [*See* Ex. A (11/19/12 Davis Ltr. to Kella); Ex. B (11/19/12 Love Ltr. to Kella); Ex. C (11/19/12 Love Ltr. to Kirk and Brauerman).] In that correspondence, among other things, counsel for Expedia specifically raised the Short Form Patent Assignment issue with Walker Digital.

> It is quite disconcerting that the executed short-form patent assignment that Mr. Ellenthal signed in January 2012, one month after the Settlement Agreement, differs from the version that he was supposed to execute in compliance with the terms of the Settlement Agreement. Much more troubling, however, is the fact that the two words missing from the executed version, if viewed in isolation, could be used to say that the patents asserted in this case were not transferred— even though the December [2011] Settlement Agreement had already transferred those rights.

[Ex. A (11/19/12 Davis Ltr. to Kella) at 3.]

A week later, counsel for Walker Digital represented that it "had an opportunity to investigate" the standing claims and determined that: (1) eBay had no claim to ownership to any of the patents-in-suit, and (2) that there was no standing issue with respect to the patents-in-suit because patent assignments must be in writing and "[n]one of the documents referenced in

Defendants' letters/emails signed by Walker Digital assigns the patents in suit." [Ex. D (11/27/12 Simon Email to Defense Counsel).]

Given the substantial overlap in the nucleus of operative facts regarding the standing dispute, which impacted numerous Walker Digital cases, Defendants requested that Walker Digital cross-designate (for purposes of the Protective Order) the documents and testimony from the 313 Case for use in the 315 and 140-142 Cases. Walker Digital flatly refused. [Ex. E (11/27/12 Simon Email to Defense Counsel) ("During our call someone requested to use a deposition from the '313 case in the other cases. I asked my client and they do not agree. Please comply with the PO in the '313 case").] Defendants therefore were forced to depose Mr. Ellenthal again, on virtually identical topics, for use in the 315 and 140-142 Cases.

Defendants filed their motion to dismiss for lack of standing in the 313 Case on November 30, 2012. [D.I. 242 (11-313).] A nearly identical motion to dismiss was filed on February 7, 2013 in the 315 and 140-142 Cases, citing *inter alia* to the separate Ellenthal deposition that counsel was required to take. [D.I. 75 (12-140); D.I. 52 (12-141); D.I. 47 (12-142).] That same day, following a hearing on Defendant's motion to dismiss for lack of standing, this Court stayed the proceedings in all of these cases, except for the completion of expert discovery in the 313 Case. [Feb. 7, 2013 Hr'g Tr. at 45:25-46:8.]

At the February 7, 2013 status conference, the Court recognized the seriousness of the standing issue and the risk of ensuing prejudice to the Defendants. [*Id.* at 24:21-25:1 (stating that "part of the reason that we have standing requirements is to make sure that the right person—the owner of the property is the one pursuing the litigation, but also to make sure that defendants aren't subject to multiple tides of litigation because all of these other property owners don't come forward.").] Therefore, the Court ordered that if the above-captioned actions were to

proceed, Walker Digital must submit a declaration from eBay disclaiming any ownership of the patents-in-suit. [*Id.* at 38:3-21.]

However, the two-page declaration from Anup Tikku, in-house counsel for eBay (the "Tikku Declaration"), never even mentioned the '359 patent and the Court did not give it any weight in its opinion dismissing the 313 and 140-142 Cases. *See Walker Digital*, 2013 WL 3070615. After Walker Digital submitted the Tikku Declaration, the Court ordered that Defendants could depose Mr. Tikku; if Mr. Tikku was not made available, the Court stated that it would not consider his declaration. [D.I. 293 (11-313); D.I. 90 (12-140); D.I. 66 (12-141); D.I. 58 (12-142).] At a subsequent hearing on March 13, 2013, Defendants argued that, because the Tikku Declaration was silent as to the '359 patent, the motions to dismiss in the above-captioned actions were ripe for disposition. [March 13, 2013 Hr'g Tr. at 27:11-16; 29:16-30-5.] Walker Digital's counsel disagreed, arguing that Mr. Tikku's deposition "should be informative of some of the issues that are discussed and raised" in Defendants' motions to dismiss. [*Id.* at 30:15-17.] Yet, even after the Tikku deposition, which did nothing to improve Walker Digital's position, Walker Digital offered only the empty compromise of dismissing the 140-142 Cases without prejudice and with each side bearing its own costs and fees.

## IV.   ARGUMENT

### A.   The Court Has Inherent Authority to Award Fees.

"A district court has inherent authority to impose sanctions upon those who ... abuse the judicial process." *Grynberg v. Total Compagnie Francaise Des Petroles*, 891 F. Supp. 2d 663, 686 (D. Del. 2012) (internal citations and quotations omitted). The Court may exercise its inherent powers independent of, or in addition to, any available statutory scheme:

> There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a

matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct ... But neither is a federal court forbidden to sanction bad faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).  Use of this inherent power may be invoked "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (internal citations and quotations omitted.)

**B.     This Court Should Award Attorneys' Fees and Costs Using Its Inherent Power Because Walker Digital Litigated the 313 and 140-142 Cases in Bad Faith.**

An award of fees and costs is warranted here because Walker Digital's conduct amounts to bad faith and an abuse of the judicial process.  As an initial matter, Walker Digital litigated the asserted patents for over eighteen months *after* it transferred them away to eBay and knew it could not establish the most fundamental aspect of its cases—standing.  Given that Walker Digital is a sophisticated repeat litigant that holds over five hundred patents and applications, and has filed over forty cases in this District alone, it should have known of its standing defect in the 313 and 140-142 Cases long before this Court's dismissal on June 19, 2013.

To make matters worse, there can be little dispute that Walker Digital actually *knew* it did not have standing in the 313 and 140-142 Cases after the eBay Agreement.  Walker Digital's knowledge amounts to bad faith in bringing the 140-142 Cases and maintaining the 313 Case, and a blatant disregard for the judicial process.

Specifically, both Walker Digital and eBay understood that the plain language of the eBay Agreement transferred the patents-in-suit to eBay, [Ex. F (Tikku Tr.) at 26:13-27:7; 31:23-35:19], and even discussed the patents asserted in the 313 Case before the Agreement was signed:



[*Id.* at 79:20-80:3 (emphasis added); *see also id.* at 80:14-19; 83:10-19.]

Walker Digital and eBay even discussed carving out patents that were then in litigation during the "█████████████████████" [*Id.* at 26:13-27:7; 31:23-35:19.]  But despite these negotiations, eBay and Walker Digital executed the eBay Agreement without any such carve out. Accordingly, Walker Digital understood that the eBay Agreement transferred the asserted patents and the rights to the not-yet issued '359 patent to eBay, and thus deprived Walker Digital of standing in the existing 313 and 315 Cases and the future 140-142 Cases.

However, rather than dismiss the many remaining defendants in the 313 and 315 Cases, Walker Digital attempted to bury its transfer to eBay by unilaterally altering the language of the Short Form Patent Assignments that were publicly filed with the PTO.  The eBay Agreement required Walker Digital to deliver executed Short Form Patent Assignments using a form attached as Schedule B to the agreement.  [eBay Agreement at 53.]  Notably, Schedule B included language that stated "continuing" applications would be part of the patent transfer. When Walker Digital executed the Short Form Patent Assignment, however, it removed the word "continuing" from the executed versions.  [Executed Short Form Patent Assignments.]

Unlike the eBay Agreement executed by both Walker Digital and eBay, the Short Form Patent Assignments were executed unilaterally by Walker Digital alone and eBay was not even made aware that the executed forms had been altered from the version that had been agreed to in the Settlement Agreement.  [Ex. F (Tikku Tr.) at 152:8-153:7.]  Thereafter, once Defendants became aware of this alteration and sought an explanation, they could get none: Walker Digital

CEO and corporate deposition witness Jonathan Ellenthal, testifying on behalf of the corporation, claimed he had no knowledge of these facts:



[Ex. A (11/19/12 Davis Ltr. to Kella) at 3; *see also* Ex. G (Ellenthal Tr.) at 113:19-114:20; 109:7-12; 118:13-119:9; D.I. 125 (11-313) (Notice of Rule 30(b)(6) Deposition) at 8.]



[Ex. A (11/19/12 Davis Ltr. to Kella) at 3 (emphasis added); *see also* Ex. G (Ellenthal Tr.) at 115:18-117:15; 109:7-112:2.]

Walker Digital's alteration to the executed Short Form Patent Assignment, failure to alert eBay to the change, and subsequent refusal to allow questioning about it, provides compelling

evidence that Walker Digital not only knew of the patent transfer but also willfully sought to bury it in the only version of the assignment destined to be publicly filed with the PTO. Moreover, in opposition to Defendants' motion to dismiss, Walker Digital *even relied on* the altered Short Form Patent Assignments to argue that the transferred patents did not include continuations and continuations-in-part. [D.I. 253 (11-313) at 7-8; D.I. 87 (12-140) at 10-11; *see also* Executed Short Form Patent Assignments.]

In spite of its knowledge about the standing issue, Walker Digital acted in a vexatious and wanton manner throughout the course of the subject litigations. For example, as mentioned above, Walker Digital attempted to undermine the questioning on the issue of standing by claiming that the issue of ownership is irrelevant to the case. [Ex. G (Ellenthal Tr.) at 66:22-67:16; 109:7-112:2; 115:18-117:15.] Additionally, even after Defendants explained its standing defect in a six-page letter, [Ex. A (11/19/12 Davis Ltr. to Kella)], Walker Digital refused to allow Defendants to use the ownership-related testimony from the 313 Case in the 315 and 140-142 Cases, [*see* Ex. E (11/27/12 Simon Email to Defense Counsel)]. As a result, Defendants were forced to conduct a second round of duplicative discovery to elicit the same testimony regarding ownership.

Sadly, it was not until the eve of this Court's June 6, 2013 hearing—almost a full eight months since counsel alerted Walker Digital that it had a fundamental standing problem—█

███████████████████████████████████████████████████████

████████████████████ [D.I. 103 (12-140) 8:20-9:9, 30:18-31:9.] By motion, Walker Digital sought permission to *voluntarily dismiss* the 140-142 Cases after sixteen months of protracted litigation because of issues surrounding the ownership of the patent-in-suit. In its motion, Walker Digital acknowledged that the issues regarding ownership are due to the plain language

of the agreement, which Walker Digital had at its disposal on December 9, 2011, the day the agreement was executed and well before the 140-142 Cases were filed.  [D.I. 105 (11-140); D.I. 81 (11-141); D.I. 73 (11-142) at 3.]  As such, Walker Digital cannot claim it litigated the 313 and 140-142 Cases in good faith.  The type of behavior that Walker Digital and its counsel engaged in here is decidedly within the Court's inherent authority to discourage.  *See, e.g., Grynberg*, 891 F. Supp. 2d at 686-687 (awarding attorneys' fees and costs when the plaintiff knowingly filed law suits that had been dismissed in two other districts); *Martel v. Maxxam Inc.*, No. 99-20476, 2000 WL 329354, at *2 (5th Cir. Mar. 23, 2000) (affirming award of attorneys' fees when the plaintiff knew his claim lacked merit).

Walker Digital knew or certainly should have known that there was a serious standing problem as of December 9, 2011.  And there is stronger circumstantial evidence that, by January 3, 2012, Walker Digital not only knew of the problem with ownership, but sought to bury it by altering the Short Form Patent Assignments.  Finally, if Walker Digital had any question about standing, it was forever removed when Defendants deposed Mr. Ellenthal and then wrote a six-page letter in November 2012 outlining, by chapter and verse, the reasons why Walker Digital lacked standing.  Even so, Walker Digital continued on, unmoved even until the very end—when it argued to this Court that the Transferred Patents in the eBay Agreement were only those listed on Schedule A, despite a sentence that reads *"The Transferred Patents include all counterparts, continuations, continuations-in-part ...."  See Walker Digital*, 2013 WL 3070615 at *2.  Under these circumstances, an award of fees and costs in this case is appropriate.

C.     **This Court Should Award Attorneys' Fees and Costs Under 35 U.S.C. § 285.**

For the reasons set forth above, this Court should award attorneys' fees to Defendants under its inherent authority.  Beyond that, an award of statutory fees and costs is also warranted

because this is an exceptional case. Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The purpose of a fee award under Section 285 "is to reimburse a party injured when forced to undergo an 'exceptional' case" and to serve as a deterrent to "improper bringing of clearly unwarranted suits." *Mathis v. Spears*, 857 F.2d 749, 753-754 (Fed. Cir. 1988).

Defendants are "prevailing parties" because the Court found that Plaintiff does not own the patents-in-suit, which establishes that it lacks standing and negates the first element of Plaintiff's cause of action—patent ownership. *See* 35 U.S.C. § 281 ("A *patentee* shall have remedy by civil action for infringement of *his patent*."). The dismissal is relief on the merits of the disputed ownership issue and materially alters the legal relationship between the parties. Accordingly, Defendants are the prevailing parties. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598, 603-04 (2001) ("a 'prevailing party' is one who has been awarded some relief by the court"; "enforceable judgments on the merits ... create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees"); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit."). *See also* D. Del. LR 54.1(c) ("defendant is the prevailing party upon dismissal ... of the case without judgment for the plaintiff on the merits.").

The Court can award fees, including costs, when it finds that the case is "exceptional" based on clear and convincing evidence, and determines that a fee award is appropriate. *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1323 (Fed. Cir. 2011); *see Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) ("We interpret attorney fees to include

those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit."); *Mathis,* 857 F.2d at 759 (allowing for the award of costs under § 285).

Litigation misconduct or an objectively baseless case filed or maintained in apparent bad faith justify an award of attorney fees. *MarcTec, LLC v. Johnson & Johnson,* 664 F.3d 907, 916-20 (Fed. Cir. 2012) (case was exceptional where plaintiff "not only initiated a frivolous lawsuit, it persisted in advancing unfounded arguments that unnecessarily extended [the] litigation"); *see also Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.,* 687 F.3d 1300, 1315-1316 (Fed. Cir. 2012) ("prolonging litigation in bad faith" can make a case exceptional); *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.,* C. A. No. 09–MD–2118–SLR, 2012 WL 95592, at *3 (D. Del. Jan. 12, 2012) (case exceptional where a party continued to litigate after it became apparent it would not prevail).

Subjective bad faith should be found if the objective unreasonableness of the claim "'was either known or so obvious that it should have been known' by the patentee." *Highmark, Inc.,* 687 F.3d at 1312 (quoting *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007)). "The pertinent inquiry here is whether [the Plaintiff] knew or should have known its legal title [to the asserted patent] was defective," *Digeo, Inc. v. Audible, Inc.,* 505 F.3d 1362, 1369 (Fed. Cir. 2007), and whether it brought the pertinent facts to the attention of the Court and Defendants "without delay." *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.23 (1997) ("It is the duty of counsel to bring to the federal tribunal's attention, 'without delay,' facts that may raise a question of mootness.").

Here, Walker Digital knew or certainly should have known that its legal title to the patents-in-suit was defective as of December 9, 2011, and failed to promptly disclose the key

facts. Instead, Walker Digital concealed the facts of its assignment for many months. For example, on February 1, 2012, Defendants in the 313 case served Requests For Production ("RFPs") on Walker Digital that plainly requested production within thirty days of all licenses and assignments of the patents-in-suit, *e.g.*:

> Request 34: All Documents, including any drafts thereof, concerning or relating to the ownership of, chain of title to, and/or grant of rights in the Asserted Patents, including, without limitation, assignments, recordations, transfers of title or ownership, license agreements....
>
> *****
>
> Request 42: All Documents concerning or relating to any offers, agreements, and/or proposals to provide anyone with a license, right ... to practice one or more claims of the Asserted Patents, including without limitation any license, assignment....

[Ex. H (2/1/12 RFPs) at 12, 14.] In response, Walker Digital failed to produce the eBay Agreement until August 17, 2012, failed to produce the executed Short Form Assignments until October 24, 2012, delayed even further by producing only a selection of drafts and related documents, and still, despite repeated requests, has not produced a complete set of all drafts and related documents. [Reichenbach Decl. at ¶¶ 12-14.]

Similarly, Walker Digital never produced a knowledgeable 30(b)(6) witness on the specified topics. Mr. Ellenthal plainly did not know (and refused to investigate) key facts related to the assignment to eBay and had no idea who altered the Short Form Assignments. [Ex. G (Ellenthal Tr.) at 113:19-114:20; 109:7-12; 118:13-119:9.] Walker Digital refused to provide another witness on these topics, erroneously claiming that the topic—patent ownership—was irrelevant. [*Id.* at 115:18-117:15; 109:7-111:25.]

Walker Digital engaged in similar delays in the 140-142 Cases. [*See* Ex. E (11/27/12 Simon email to Defense Counsel).] It had no Rule 11 basis to file those cases because it did not own the patent-in-suit when the complaints were filed. Despite being given ample opportunity by the Court to either develop evidence that it owned the '359 Patent or to gain ownership of the

'359 Patent to correct the standing issue, Walker Digital did neither. Instead, it continued to pursue the 140-142 Cases even after the standing issue had been raised by Defendants.

In sum, the 140-142 Cases were baseless from the outset and the 313 Case has been baseless at least since December 9, 2011. The undisputed testimony of Mr. Tikku shows that Walker Digital was aware on or before December 9, 2011, that patents-in-suit were included in the portfolios being acquired by eBay. [Ex. F (Tikku Tr.) at 79:20-80:12; 83:10-20.] The eBay Agreement was not amended to carve out any patents in litigation, [id. at 82:8-11; 83:16-84:2; 110:17-112:17], ████████████████████ [see D.I. 253 (11-313) at 7 (████████████ ████████████████████████████████████████████████████████████ ████████████████████████ ]. Walker Digital has never offered any construction of the second sentence of Section 1.1 of the assignment, other than its plain meaning that it assigned the patents-in-suit to eBay.

Yet, Walker Digital persisted in these lawsuits against the weight of the evidence uncovered by Defendants, and took steps to conceal its assignment of the patents-in-suit, including delaying the disclosure of the assignment documents to the Court and Defendants, failing to produce a knowledgeable 30(b)(6) witness on the topic, and improperly altering the Short Form Patent Assignment. Accordingly, Walker Digital's conduct makes these cases exceptional and appropriate to award fees and costs incurred since December 9, 2011, the date of the eBay Agreement.[6] See, e.g., Grynberg, 891 F. Supp. 2d at 686-87 (awarding attorney's fees and costs when the plaintiff knowingly filed law suits that had been dismissed in two other

---

[6] As noted in recent discussions regarding the number of frivolously filed patent cases, it is well within this Court's power to discourage such behavior through the award of attorney's fees. See e.g., Randall R. Rader, Colleen V. Chien, David Hricik, Op-Ed., Make Patent Trolls Pay in Court, N.Y. TIMES, June 4, 2013.

districts); *Martel*, 2000 WL 329354 at *2 (affirming award of attorney's fees when the plaintiff knew his claim lacked merit).

### D.  Accounting of Fees and Costs.

If the Court grants Defendants' application for reasonable attorneys' fees and costs, Defendants request 30 days from such an order to provide an accounting of their fees and to submit the requisite documentation of their fees and disbursements and supplemental briefing on their reasonableness. *See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 2012 WL 95592 at *4 (allowing defendants thirty days after grant of attorneys' fees to submit documentation).

### E.  Dismiss Plaintiff's Claims with Prejudice Because It Had Its Chance To Show Standing and Failed.

Dismissal with prejudice is appropriate where a plaintiff has had a chance to cure the standing defect and failed. *See Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 980 (Fed. Cir. 2005) (affirming dismissal with prejudice after "Sicom [had] twice attempted and twice failed to establish standing"); *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1485 (Fed. Cir. 1998) ("After correctly determining that Textile had no standing to assert a claim of patent infringement, the district court denied all other pending motions as moot and dismissed the entire action with prejudice.   The district court correctly dismissed the infringement claim with prejudice because Textile had its chance to show standing and failed."); *accord Telepresence Techs., LLC v. Upper Deck Co.*, No. SA CV 00-183 AHS, 2001 WL 36239744, at *3 (C.D. Cal. Mar. 29, 2001) ("Pursuant to *Textile Productions, Inc. v. Mead Corp.*, the Court dismisses this

action with prejudice.... Plaintiff here likewise has had its chance to establish standing and has failed.").[7]

Here, the Court gave Walker Digital a full and fair opportunity to cure the standing deficiency by staying the 313 and 140-142 Cases for four months so that Walker Digital could try to prove it had standing or acquire standing. *Cf. Joint Mktg. Int'l, Inc. v. L&N Sales and Mktg., Inc.,* No. 05-CV-4818 (DLI)(VVP), 2006 WL 1995130, at *5 (E.D.N.Y. July 14, 2006) (granting motion to dismiss with prejudice but providing a twenty day stay of the dismissal for plaintiff to cure). Under these circumstances, dismissal with prejudice is fair to Plaintiff.[8]

Dismissal with prejudice is appropriate and necessary here to prevent unfair prejudice to Defendants. Defendants already have been burdened enough by Walker Digital's meritless litigation. Walker Digital should be precluded from filing a second lawsuit against them on these patents, should it ever again purport to have acquired them. *See, e.g., Smith v. Sabol,* 2013 WL 2371193, at *2 (M.D. Pa. 2013) (dismissing action with prejudice in response to Rule 41(a) motion filed by plaintiff one and a half years into litigation: "It is well within a court's discretion to grant the dismissal with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action"); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 628 F.3d 157, 162 (5th Cir. 2010) (affirming dismissal with prejudice in response to FRCP 41(a)(2)

---

[7] *See also Medtronic Sofamor Danek USA, Inc. v. Globus Med., Inc.,* 637 F. Supp. 2d 290, 306, 308, 315 (E.D. Pa. 2009) (dismissing with prejudice patent claims of three plaintiffs who, as mere licensees and agent, lacked standing); *In re Digital Music Antitrust Litig.,* 812 F. Supp. 2d 390, 405, 420 (S.D.N.Y. 2011) (dismissing with prejudice plaintiff's complaint for lack of antitrust standing after plaintiff had failed three times to cure deficiencies).

[8] Walker Digital's motion to dismiss under Fed. R. Civ. P. 41(a)(2) (filed on June 17, 2013 in the 140-142 Cases) states it will take ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ without explaining why Walker Digital had not already taken such actions. [D.I. 105 (12-140); D.I. 81 (12-141); D.I. 73 (12-142); at 3.] More importantly, the motion does not indicate what such actions would be.

motion, and holding that court has discretion to dismiss with prejudice if dismissal without prejudice would result in "unfair prejudice to the other side").

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exercise its inherent power and power under 35 U.S.C. § 285 to award Defendants their reasonable fees and costs incurred after December 9, 2011, grant Defendants 30 days thereafter to submit documentation of the amount of their fees and costs, and enter final judgment dismissing Plaintiff's claims with prejudice (and Defendants' counterclaims without prejudice).

OF COUNSEL:                                          POTTER ANDERSON & CORROON LLP

Eliza V. Bechtold
Klaus H. Hamm                                        By:  /s/ David E. Moore
Salumeh R. Loesch                                         Richard L. Horwitz (#2246)
Jeffrey S. Love                                           David E. Moore (#3983)
Kristen L. Reichenbach                                    Bindu A. Palapura (#5370)
Todd M. Siegel                                            Hercules Plaza, 6th Floor
Carla Todenhagen                                          1313 N. Market Street
Garth A. Winn                                             Wilmington, Delaware  19801
KLARQUIST SPARKMAN, LLP                                   (302) 984-6000
One World Trade Center                                    rhorwitz@potteranderson.com
121 SW Salmon Street, Suite 1600                          dmoore@potteranderson.com
Portland, OR  97204                                       bpalapura@potteranderson.com
(503) 595-5300

                                                     *Attorneys for Defendants Amazon.com, Inc.*
                                                     *and Zappos.com, Inc.*

FISH & RICHARDSON, P.C.

OF COUNSEL:

Ahmed J. Davis
Linhong Zhang (#5083)
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C.  20005
(202) 783-5070

By:  */s/  Warren K. Mabey, Jr.*
     William J. Marsden, Jr. (#2247)
     Gregory Booker (#4784)
     Warren K. Mabey, Jr. (#5775)
     222 Delaware Avenue, 17th Floor
     P.O. Box 1114
     Wilmington, DE  19801
     (302) 652-5070
     marsden@fr.com
     booker@fr.com
     mabey@fr.com

*Attorneys for Defendant Expedia, Inc.*


POTTER ANDERSON & CORROON LLP


By:  */s/ Philip A. Rovner*
     Philip A. Rovner (#3215)
     Jonathan A. Choa (#5319)
     Alan R. Silverstein (#5066)
     Hercules Plaza
     P.O. Box 951
     Wilmington, DE  19899
     (302) 984-6000
     provner@potteranderson.com
     jchoa@potteranderson.com
     asilverstein@potteranderson.com

Dated:  July 12, 2013
Public Version: July 25, 2013
1116640

*Attorneys for Defendant*
*Barnes & Noble, Inc.*