IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FANDANGO, INC., et al., <br><br> Defendants. | Civil Action No. 11-313-SLR <br><br> **PUBLIC VERSION** <br> **September 9, 2013** |
| WALKER DIGITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Civil Action No. 12-140-SLR |
| WALKER DIGITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BARNES & NOBLE, INC., <br><br> Defendant. | Civil Action No. 12-141-SLR |
| WALKER DIGITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EXPEDIA, INC., <br><br> Defendant. | Civil Action No. 12-142-SLR |

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND DISMISSAL WITH PREJUDICE

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Of Counsel*:

Eliza V. Bechtold
Klaus H. Hamm
Salumeh R. Loesch
Jeffrey S. Love
Kristen L. Reichanbach
Todd M. Siegel
Carla Todenhagen
Garth A. Winn
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204

*Counsel for Defendants*
*Amazon.com, Inc. and Zappos.com, Inc.*

Philip A. Rovner (# 3215)
Jonathan A. Choa (# 5319)
Alan R. Silverstein (# 5066)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
pronver@potteranderson.com
jchoa@potteranderson.com
asilverstein@potteranderson.com

*Counsel for Defendant Barnes & Noble, Inc.*

Public Version: September 9, 2013

William J. Marsden, Jr. (#2247)
Gregory Booker (#4784)
Warren K. Mabey, Jr. (#5775)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
(302) 652-5070
marsden@fr.com
booker@fr.com
mabey@fr.com

Ahmed J. Davis
Linhong Zhang (#5083)
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
(202) 783-5070

*Attorneys for Defendant Expedia, Inc.*

# TABLE OF CONTENTS

*Page(s)*

I. ATTORNEYS' FEES ARE WARRANTED BECAUSE WALKER DIGITAL LITIGATED MULTIPLE CASES IN BAD FAITH. ........................... 1

    A. Walker Digital Knew During The Negotiations Leading To The eBay Agreement That The Agreement Would Transfer Related Patents. .......................................................................................... 1

    B. Walker Digital's Parol Evidence Does Not Apply To The 140-142 Cases. .......................................................................................... 4

II. THE DEFENDANTS ARE "PREVAILING PARTIES" ................................... 5

III. WALKER DIGITAL'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ................................................................................................. 7

IV. THE COURT SHOULD AWARD FEES UNDER ITS INHERENT POWER ........................................................................................................ 8

V. WALKER DIGITAL MISREPRESENTS THE FACTS ................................... 8

VI. CONCLUSION ............................................................................................ 10

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Adventus Americas, Inc. v. Calgon Carbon Corp.*,
No. 3:08-CV-497-RJC-DCK, 2009 WL 2998094 (W.D.N.C. Sept. 15, 2009)..................7

*Am. Sur. Co. v. Pauly*,
170 U.S. 133 (1898) ..................................................................................................3

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
23 F.3d 374 (Fed. Cir. 1994) ....................................................................................8

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
532 U.S. 598 (2001) ..................................................................................................5

*Dow Chem. Co. v. Nova Chems. Corp.*,
458 Fed. App'x 910 (Fed. Cir. 2012) .....................................................................3, 4

*Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*,
357 F.3d 1266 (Fed. Cir. 2004) ................................................................................5

*Hygienics Direct co. v. Medline Indus., Inc.*,
33 Fed. App'x 621 (3d Cir. 2002) .............................................................................7

*In re Color Tile Inc.*,
475 F.3d 508 (3d Cir. 2007) .....................................................................................3

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
278 F.3d 175 (3d Cir. 2002) .....................................................................................8

*Inland Steel Co. v. LTV Steel Co.*,
364 F.3d 1318 (Fed. Cir. 2004) .............................................................................5, 7

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
76 F.3d 1178 (1996) ..................................................................................................7

*MarcTec, LLC v. Johnson & Johnson*,
664 F.3d 907 (Fed. Cir. 2012) ...............................................................................3, 8

*Mars, Inc. v. Coin Acceptors, Inc.*,
527 F.3d 1359 (Fed. Cir. 2008) ................................................................................6

*Mars, Inc. v. JCM Am. Corp.*,
Civ. No. 05-3165, 2008 WL 5401604 (D.N.J. Dec. 23, 2008)..................................6

*Marx v. Gen. Revenue Corp.*,
　　133 S. Ct. 1166 (2013) ..................................................................................................8

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*,
　　240 F.3d 1016 (Fed. Cir. 2001) ....................................................................................5

*Novo Nordisk A/S v. Mylan Pharm., Inc.*,
　　Civ. No. 09-2445, 2010 WL 4981831 (D.N.J. Dec. 2, 2010) .......................................6

*Philips Elec. N. Am. Corp. v. Compo Micro Tech, Inc.*,
　　C.A. No. 02-123-KAJ, 2006 WL 3020724 (D. Del. Oct. 23, 2006) ..............................8

*Power Mosfet Techs., L.L.C. v. Siemens AG*,
　　378 F.3d 1396 (Fed. Cir. 2004) ....................................................................................5

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
　　427 F.3d 971 (Fed. Cir. 2005) ......................................................................................7

*Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*,
　　549 F.3d 1381 (Fed. Cir. 2008) ....................................................................................8

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
　　-- F.3d ----, 2013 WL 4034384 (Fed. Cir. Aug. 9, 2013) ..............................................5

*Tavory v. NTP, Inc.*,
　　297 Fed. App'x 986 (Fed. Cir. 2008) ...........................................................................6

*Therasense, Inc. v. Becton, Dickinson and Co.*,
　　649 F.3d 1276 (Fed. Cir. 2011) ....................................................................................9

*Walker Digital, LLC v. Expedia, Inc.*,
　　--- F. Supp. 2d ----, 2013 WL 3070615 (D. Del. June 19, 2013) ..........................2, 4, 5

Walker Digital's behavior warrants an award of attorneys' fees and costs. Walker Digital frivolously litigated the 313 Case and the 140-142 Cases for over a year while knowing it did not own the patents in suit. As this Court found, the terms of the eBay Agreement transferred the patents in suit in the 313 Case and the 140-142 Cases, among other patents, to eBay. Walker Digital's own understanding that the terms of the eBay Agreement would transfer away the patents in suit is traceable to negotiations in December 2011. Walker Digital's negotiating agent knew the eBay Agreement would transfer continuations, continuations in part and all related patents to the patents listed on Schedule A. He even attempted—unsuccessfully—to negotiate a carve-out for certain of these patents. Walker Digital admits the eBay Agreement was then executed anyway, with no contractual terms directed to such a carve-out. Nor was a side agreement for the alleged carve-out ever memorialized. Instead, Walker Digital attempted to retroactively alter its deal with eBay by providing eBay with altered Short Form Patent Assignments.

Walker Digital's Answering Brief fails to disprove these critical facts. Rather, Walker Digital focuses on irrelevant and inaccurate assertions and the behavior of others as it attempts to justify its continued litigation of the 313 Case and filing of the 140-142 Cases after it knew it did not own the patents in suit. Walker Digital's overall plan is clear: prolong baseless litigation to extract settlements. Because its actions were unreasonable and in bad faith, Defendants should be awarded their fees and costs and the cases should be dismissed with prejudice.

I. **ATTORNEYS' FEES ARE WARRANTED BECAUSE WALKER DIGITAL LITIGATED MULTIPLE CASES IN BAD FAITH.**

    A. **Walker Digital Knew During The Negotiations Leading To The eBay Agreement That The Agreement Would Transfer Related Patents.**

As this Court found, Walker Digital's argument that the eBay Agreement transferred only the patents on Schedule A is inconsistent with the "unambiguous granting language," which

transferred "continuations, continuations-in-part, divisionals, ..." to the patents on Schedule A. *Walker Digital, LLC v. Expedia, Inc.*, --- F. Supp. 2d ----, 2013 WL 3070615, at *6-7 (D. Del. June 19, 2013). Walker Digital's lead negotiating agent, David Pridham, had the same interpretation before the agreement was executed. He knew the eBay Agreement would transfer "patents" (plural) in litigation—including both the '470 and '056 patents asserted in the 313 Case—and informed eBay of that fact.



(Ex. I[1] (Tikku Tr.) at 199:22-201:10; *see also* Opening Br.[2] at 9-10.)

Because the '056 patent was ***never listed on any draft of Schedule A***, Walker Digital's lead negotiator clearly understood that the eBay Agreement transferred not just patents listed on Schedule A, but also related patents. Furthermore, Mr. Tikku, eBay's lead negotiator, testified that both Walker Digital and eBay intended to transfer all continuations and continuations in part of the patents listed on Schedule A. (Ex. I (Tikku Tr.) at 154:18-155:1.) Finally, Mr. Pridham

---

[1] Cited exhibits are attached to the Supplemental Declaration of Kristen Reichenbach filed herewith.
[2] Defendants' Opening Brief is referred to herein as "Opening Br." (D.I. 319 (11-313); D.I. 111 (12-140); D.I. 87 (12-141); D.I. 79 (12-142).)

2

has never disputed that he *knew* in December 2011 that the eBay Agreement transferred *more* than the patents on Schedule A. Walker Digital's Answering Brief ignores these critical and undisputed facts.

Walker Digital's blatant disregard for the unambiguous language of the contract supports a finding of bad faith. *See MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 918 (Fed. Cir. 2012) (affirming finding that patentee's proposed claim construction, "which ignored the entirety of the specification and the prosecution history, and thus was unsupported by the intrinsic record, was frivolous and supports a finding of bad faith."). Further, Walker Digital cannot now disavow the knowledge of its negotiating agent. *See In re Color Tile Inc.*, 475 F.3d 508, 513 (3d Cir. 2007) (citing *Am. Sur. Co. v. Pauly*, 170 U.S. 133, 153 (1898) ("It is the rule that the knowledge of the agent is the knowledge of his principal, ... who is taken to know everything about a transaction which his agent in it knows.").) Nor can Walker Digital disavow its alteration of the Short Form Patent Assignments by claiming there is no evidence of who did it. (*See* Answering Br. at 12.)[3] The model Short Form Patent Assignment specifically transferred "continuing" applications, yet the form executed by Walker Digital excluded that language. As Walker Digital previously admitted, Walker Digital ███████████████ the Short Form Patent Assignments to eBay. (D.I. 253 (11-313) at 7-8.) Any evidence of why the Short Form Patent Assignments were changed would be in Walker Digital's possession. If that evidence was helpful to Walker Digital's position, presumably they would have produced it. Walker Digital, however, has never produced any evidence or witnesses on this topic.

Walker Digital's reliance on *Dow Chem. Co. v. Nova Chems. Corp.* is unreasonable. (Answering Br. at 15-16.) It is not on point, as this Court found in holding that *Dow Chemical*

---

[3] Walker Digital's Answering Brief is referred to herein as "Answering Br." (D.I. 328 (11-313); D.I. 120 (12-140); D.I. 97 (12-141); D.I. 89 (12-142).)

3

involves a different transfer agreement and materially different granting language. *Walker Digital, LLC*, 2013 WL 3070615 at *7 n.6. Moreover, Walker Digital cannot leverage subsequent events to expunge its knowledge on December 9, 2011 that patents ***other than those listed on Schedule A*** were transferred by the eBay Agreement. *Dow Chemical* issued ***after*** the execution of the eBay Agreement. 458 Fed. App'x 910 (Fed. Cir. 2012).

      **B.**    **Walker Digital's Parol Evidence Does Not Apply To The 140-142 Cases.**

Walker Digital's reliance on Mr. Tikku's declaration is wholly inapplicable to the 140-142 Cases and contradicts the facts on record. Walker Digital asserts that Mr. Tikku's declaration regarding whether Mr. Tikku and Mr. Pridham intended to transfer patents ▓▓▓▓ ▓▓▓▓—and, more specifically, to transfer the '470, '056 and '942 patents—supports its proposed construction of the eBay Agreement as transferring only the patents on Schedule A. (Answering Br. at 16.) Yet Walker Digital emphatically denied any oral carve out for patents in litigation: "To be clear, your Honor, there was no oral carve-out and we're not arguing for an oral carve-out." (June 6, 2013 Hr'g Tr. at 39:17-20 (statement by Walker Digital's counsel).) Mr. Tikku never stated in his declaration that the parties intended to transfer only the patents listed on Schedule A. Quite to the contrary, Mr. Tikku testified that the parties intended to transfer related patents as well. Further, the declaration is silent regarding the '359 patent asserted in the 140-142 Cases.

Even if Walker Digital did rely on an alleged carve-out, no written agreement memorializing the terms and scope of such a carve-out has ever materialized in this case. Additionally, eBay and Walker Digital never agreed as to the scope of any carve-out. At his deposition, Mr. Tikku testified that he discussed with Mr. Pridham carving-out only "patents in litigation at the time of transfer"; they did not discuss carving out the '359 patent because it

4

issued only after the eBay Agreement was executed.[4] *Walker Digital, LLC*, 2013 WL 3070615 at *7.

Walker Digital knew at the time the eBay Agreement was executed that it transferred to eBay the patents in suit in the 313 Case and the patent application that would later issue and be asserted in the 140-142 Cases. It should have ceased litigating the 313 Case in December 2011 and should never have filed the 140-142 Cases. "[A] party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims ...." *Taurus IP, LLC v. DaimlerChrysler Corp.*, -- F.3d ----, 2013 WL 4034384, at *15 (Fed. Cir. Aug. 9, 2013).

## II.   THE DEFENDANTS ARE "PREVAILING PARTIES"

The Defendants are "prevailing parties" because they received "at least some relief on the merits" which "alters ... the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001); *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004).

Walker Digital's Complaints alleged that it owned the patents in suit. Defendants' Answers denied that allegation (in some, for lack of information sufficient to admit it). This Court's June 19, 2013 order resolved those disputed allegations of patent ownership—an element of Plaintiff's case in chief—and is a decision on the merits.[5] *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004) (The Plaintiff "has the burden to provide

---

[4] Mr. Tikku testified that Mr. Pridham asked him to include several other patents in his declaration but he did not include them because they belonged to eBay. Because ownership of the '359 patent was also in dispute at the time, but was not included in the declaration, the only conclusion is that eBay believed it owned the '359 patent. (*See* Ex. I (Tikku Tr.) at 121:11-123:22.)

[5] Defendants have moved for dismissal with prejudice. A dismissal with prejudice would also entitle Defendants to "prevailing party" status. *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004).

evidence endowing it with all substantial rights in the patent." (citing *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001))).

The Federal Circuit recognizes that a dismissal for lack of standing can be a decision on the merits of the claim: "Many dismissals for want of jurisdiction do not affect the legal relationship of the parties because they are not decisions on the merits of the claim. ... But some dismissals for want of jurisdiction do effectively alter the legal relationship of the parties." *Tavory v. NTP, Inc.*, 297 Fed. App'x 986, 989-90 (Fed. Cir. 2008) (unpublished) (the *Tavory* court noted that Fourth Circuit precedent was of "little guidance" and consequently undertook its own analysis).

In *Tavory*, the Federal Circuit found a determination that a plaintiff's copyright registration was invalid to be "a decision on the merits of [plaintiff's] claim such that the legal relationship of the parties was materially altered." *Id.* at 990. The dismissal was for lack of jurisdiction, but the "court's decision bore on the *merits* of Tavory's copyright infringement claim" because Tavory would need to obtain a new registration to again sue NTP. *Id.*

None of the cases Walker Digital relies upon involve a court resolving a factual dispute over ownership. (*See* Answering Br. at 8-9.) For example, in *Mars*, the issue related to joinder, as it was uncontroverted that the 1996 agreement constituted a transfer from Mars to MEI. *Mars, Inc. v. JCM Am. Corp.*, Civ. No. 05-3165, 2008 WL 5401604, at *2-3 (D.N.J. Dec. 23, 2008) (awarding attorney's fees based on plaintiff's delayed production of the 1996 agreement). Moreover, the Federal Circuit had already construed the agreement to deprive Mars of standing. *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1369-73 (Fed. Cir. 2008).

In *Novo Nordisk*, the dismissal was made based on the allegations of the complaint. *Novo Nordisk A/S v. Mylan Pharm., Inc.*, Civ. No. 09-2445, 2010 WL 4981831, at *12 (D.N.J.

6

Dec. 2, 2010). The *Novo* court found the case was "not ripe for review" and that Novo Nordisk had not "pled facts that would support Section 271(e)(2) jurisdiction." *Id.* That ripeness determination, however, did not resolve the merits of any disputed factual issue that was a part of the plaintiff's case in chief.[6]

### III. WALKER DIGITAL'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Given its failure to date, it is unlikely Walker Digital will ever cure its standing defect. But controlling law does not even require cure to be unlikely where, as here, a plaintiff has had ample opportunity to cure. *See Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 980 (Fed. Cir. 2005) (an appeal from the District of Delaware).

Although *Sicom* affirmed dismissal with prejudice of a second action, an opportunity for a second action is not necessary where a temporary stay already provided an opportunity to cure. Judicial economy and fairness were both served through the Court's decision to stay these cases in February, 2013, while Walker Digital attempted to either produce evidence of its standing or cure any defects. Other courts have likewise found that a temporary stay has the same effect as a first dismissal without prejudice. *See Adventus Americas, Inc. v. Calgon Carbon Corp.*, No. 3:08-CV-497-RJC-DCK, 2009 WL 2998094, at *5 (W.D.N.C. Sept. 15, 2009) ("A temporary stay... would afford the parties time to amend or supplement the record with any evidence needed to show standing on all six patents."). (*See also* Opening Br. at 19.)

Walker Digital did not submit any declarations with its Answering Brief or provide any details to show that cure is likely. Instead, Walker Digital's Answering Brief provides only empty hopes that it may gain standing someday. Given Walker Digital's failure, despite

---

[6] Walker Digital also cites *Hygienics Direct co. v. Medline Indus., Inc.*, 33 Fed. App'x 621 (3d Cir. 2002) on this issue. However, this Third Circuit case is not controlling, as Federal Circuit law defines "prevailing party" in patent litigation. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (1996); *Inland Steel Co.*, 364 F.3d at 1319-20.

7

numerous opportunities, to correct its standing problem, the dismissals should be with prejudice.

## IV. THE COURT SHOULD AWARD FEES UNDER ITS INHERENT POWER

As detailed above and in Defendants' Opening Brief, Walker Digital's claim of ownership of the patents in suit was objectively and subjectively unreasonable. Walker Digital's unreasonableness justifies an award of fees under Section 285, and also under the Court's inherent powers. Walker Digital's characterization of the standard for invoking the court's inherent power as requiring something more than "exceptional" conduct is misleading. The *Amsted* court applied this heightened standard to an award of expert fees and expenses—not attorney's fees. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378-79 (Fed. Cir. 1994) ("This court must therefore assess whether this case goes sufficiently beyond 'exceptional' within the meaning of section 285 to ***justify an award of expert fees*** as a sanction under the court's inherent power." (emphasis added)); *see also Philips Elec. N. Am. Corp. v. Compo Micro Tech, Inc.*, C.A. No. 02-123-KAJ, 2006 WL 3020724, at *6 (D. Del. Oct. 23, 2006).

"Notwithstanding the American Rule, however, we have long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013).[7]

## V. WALKER DIGITAL MISREPRESENTS THE FACTS

In its Answering Brief, Walker Digital asserts that Defendants ████████████

---

[7] *See also MarcTec, LLC*, 664 F.3d at 921 (expert fees are "recoverable in patent cases where, as here, there was bad faith, such as the filing of a frivolous action."); *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008) (court "entitled to use its inherent powers" to award expert fees); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 181 (3d Cir. 2002) ("bad faith is 'usually' required under the court's inherent powers.").

8

██████████████████ until November 19, 2012. (Answering Br. at 2, 7, 7 n.5, 14.) But Walker Digital had actual knowledge in December 2011 that it assigned the patents in suit. It cannot now disregard its own knowledge.

Moreover, Walker Digital admitted that Defendants' position was fully explained on November 8, 2012, (Ex. J (11/15/12 Grochocinski e-mail)), and discussed at Jay Walker's deposition in the 313 Case on October 17, 2012, (*id.*; Ex. K (10/20/12 Grochocinski e-mail)). Further, on October 23, 2012, Defendants requested a stipulation to file supplemental answers adding the standing defense. (Ex. L (10/23/12 Hamm e-mail).) Defendants' detailed letters on November 19, 2012 setting out the grounds for Walker Digital's lack of standing simply repeated points discussed weeks before, and that Walker Digital knew from the start.

Walker Digital wrongly asserts that Defendants admitted that the Short Form Patent Assignments had ████████████████████████████ (Answering Br. at 1-2, 13.) To the contrary, Defendants argued that if the eBay Agreement had not already transferred the patents in suit, then the Short Form Patent Assignments would have. (*See, e.g.*, D.I. 243 (11-313) at 12-13); *see also* D.I. 76 (12-140); D.I. 53 (12-141); D.I. 45 (12-142) at 7-9.).) The Short Form Patent Assignments are broad, assigning all patents for any improvement to the listed applications, and lack the warranty clause and other provisions in the eBay Agreement on which Walker Digital relies to try to cloud the scope of the transfer.

The key point for this motion, however, regarding the Short Form Patent Assignments is that Walker Digital altered the agreed form by deleting the assignment of "continuing" applications without notice to eBay. That is further proof that it knew the eBay Agreement assigned related applications and tried to conceal it. This is strong evidence of bad faith, because it is "the single most reasonable inference able to be drawn from the evidence." *See Therasense,*

*Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290-91 (Fed. Cir. 2011).

## VI.   CONCLUSION

Defendants respectfully request that this Court award Defendants their reasonable fees and costs incurred after December 9, 2011, grant Defendants 30 days thereafter to submit documentation of and briefing on the amount of their fees and costs, and enter final judgment dismissing Plaintiff's claims with prejudice and Defendants' counterclaims without prejudice.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Eliza V. Bechtold<br>Klaus H. Hamm<br>Salumeh R. Loesch<br>Jeffrey S. Love<br>Kristen L. Reichenbach<br>Todd M. Siegel<br>Carla Todenhagen<br>Garth A. Winn<br>KLARQUIST SPARKMAN, LLP<br>One World Trade Center<br>121 SW Salmon Street, Suite 1600<br>Portland, OR 97204<br>(503) 595-5300 | By: */s/ David E. Moore*<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Bindu A. Palapura (#5370)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, Delaware 19801<br>   (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com<br>   bpalapura@potteranderson.com<br><br>*Attorneys for Defendants Amazon.com, Inc. and Zappos.com, Inc.* |

|  |  |
|---|---|
| OF COUNSEL:<br><br>Ahmed J. Davis<br>Linhong Zhang (#5083)<br>FISH & RICHARDSON P.C.<br>1425 K Street, N.W., 11th Floor<br>Washington, D.C. 20005<br>(202) 783-5070 | FISH & RICHARDSON, P.C.<br><br>By: /s/ William J. Marsden, Jr.<br>　William J. Marsden, Jr. (#2247)<br>　Gregory Booker (#4784)<br>　Warren K. Mabey, Jr. (#5775)<br>　222 Delaware Avenue, 17th Floor<br>　P.O. Box 1114<br>　Wilmington, DE 19801<br>　(302) 652-5070<br>　marsden@fr.com<br>　booker@fr.com<br>　mabey@fr.com<br><br>*Attorneys for Defendant Expedia, Inc.*<br><br><br>POTTER ANDERSON & CORROON LLP<br><br><br>By: /s/ Philip A. Rovner<br>　Philip A. Rovner (#3215)<br>　Jonathan A. Choa (#5319)<br>　Alan R. Silverstein (#5066)<br>　Hercules Plaza<br>　P.O. Box 951<br>　Wilmington, DE 19899<br>　(302) 984-6000<br>　provner@potteranderson.com<br>　jchoa@potteranderson.com<br>　asilverstein@potteranderson.com |
| Dated: August 30, 2013<br>Public Version: September 9, 2013 | *Attorneys for Defendant*<br>*Barnes & Noble, Inc.* |

11