IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 11-313-SLR |
| EXPEDIA, INC., AMAZON.COM, INC., AMERICAN AIRLINES, INC., and ZAPPOS.COM, INC., | ) ) ) ) ) | |
| Defendants. | ) | |
| WALKER DIGITAL, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 12-140-SLR |
| AMAZON.COM, INC., | ) ) | |
| Defendant. | ) | |
| WALKER DIGITAL, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 12-141-SLR |
| BARNES & NOBLE, INC., | ) ) | |
| Defendant. | ) | |

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-142-SLR |
| | ) |
| EXPEDIA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 25th day of October, 2013, having reviewed defendants' motion for clarification;

IT IS ORDERED that said motion (D.I. 345) is granted, to the following extent:

1. By memorandum opinion and order issued on June 19, 2013, the court granted defendants' motions to dismiss for lack of standing, which decision has been appealed by plaintiff. Given the procedural posture of the case, no judgment was entered, nor should judgment be entered. Indeed, having determined that plaintiff no longer owns the patents-in-suit subsequent to the eBay settlement agreement, defendants' counterclaims against plaintiff have been mooted by the court's decision.

2. The only reason Fed. R. Civ. P. 54 was mentioned in the October 16, 2013 memorandum order was as a guideline for determining when best to resolve the pending motions for attorney fees. Rule 54 was not implicated substantively.

3. Given defendants' concerns about the appellate record, the court takes advantage of the opportunity to review its prior decision and, having given the matters more thought, has determined that it is more appropriate to decide defendants' motions for attorney fees now. Consistent with the two-step analysis required under *Eon-Net LP v. Flagstar Bancorp.*, 653 F.3d 1314, 1323-24 (Fed. Cir. 2011), the court concludes that

said motions should be denied.

4. In the first instance, defendants did not prevail on the merits. The above cases were dismissed based on business arrangements negotiated with another defendant and the resulting consequences of such.

5. Even if the court were to characterize its decision to dismiss as equivalent to an entry of judgment in favor of defendants, the court finds that defendants have failed to prove that these cases are exceptional. In this regard, defendants base their motions on plaintiff's conduct, not the substantive merits of the cases. More specifically, defendants essentially ask the court to find that plaintiff continued to litigate these cases **knowing** that it no longer owned the patents-in-suit; i.e., that there was no reasonable basis for plaintiff's conduct.

6. Whether the standard of proof is clear and convincing evidence (to prove exceptionality) or preponderance of the evidence (to justify a sanction), the court finds that the record does not weigh in defendants' favor. The eBay settlement agreement was complex and negotiated in the midst of litigation. The attorneys involved in the litigation were not involved in these negotiations. The motions to dismiss involved complex questions of law, with there being grounds for reasonable disagreement.[1] With arguably valuable property rights at stake, it is not surprising that plaintiff choose to have the court resolve the dispute rather than amicably resolve such with defendants.

---

[1] Although the court ultimately found the parol evidence to be unpersuasive, plaintiff did proffer evidence to demonstrate that it was not the parties' intent to transfer ownership of the patents-in-suit to eBay.

2

7. As to defendants' request for dismissal with prejudice, plaintiff contends that it has not had sufficient opportunity to cure the standing defect, while defendants argue that the temporary stay and opportunity to present evidence of plaintiff's continued ownership of the patents-in-suit sufficed. *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 630 F. Supp. 2d 365, 373 (D. Del. 2007) (concluding that dismissal with prejudice was not appropriate, when plaintiff "had only one bite at the apple," and even defendant recognized that the possibility of curing the standing defects existed); *Sicom Sys., Ltd v. Agilent Techs., Inc.*, 427 F.3d 971, 980 (Fed. Cir. 2005) (affirming dismissal with prejudice, when plaintiff "twice attempted and twice failed to establish standing"). Here, plaintiff was offered multiple opportunities to cure the standing defect. In its opposition to defendants' motion, plaintiff has offered no evidence that it has a plan to cure the standing defect, stating only that it "has been and currently is engaged in continued discussions with eBay regarding ownership of the patents-in-suit." (D.I. 328 at 17) For all of these reasons, and to clarify the record for purposes of appeal;

IT IS FURTHER ORDERED that defendants' motions for attorney fees are denied. (Civ. No. 11-313, D.I. 318; Civ. No. 12-140, D.I. 110; Civ. No. 12-141, D.I. 86; and Civ. No. 12-142, D.I. 78)

IT IS FURTHER ORDERED that defendants' requests for dismissal with prejudice are granted. (Civ. No. 11-313, D.I. 318; Civ. No. 12-140, D.I. 110; Civ. No. 12-141, D.I. 86; and Civ. No. 12-142, D.I. 78).

*[signature]*
United States District Judge

3